Glenn LARSON, et al., Appellants,

v.

The COUNTY OF ST. LOUIS, Respondent.

No. C5–84–1802.

Court of Appeals of Minnesota.

April 16, 1985.

Theodore L. Hall, Esko, for appellants.

Kevin O'Connell, Asst. County Atty., Duluth, for respondent.

Heard, considered and decided by POPOVICH, C.J., and LANSING and FORSBERG, JJ.

## OPINION

POPOVICH, Chief Judge.

Appellants appeal the trial court's denial of their motion for a new trial, claiming the trial court's factual finding that the raising of a road grade did not cause the flooding of appellants' homes is clearly erroneous. We affirm.

## FACTS

Appellants Glenn and Edith Larson and Scott and Dorothy McManus live in a watershed basin next to a small creek. In 1978, after the worst rains since weather records were first taken in 1870, appellants' basements flooded causing extensive damage to both homes. Appellants sued the County of St. Louis claiming its raising of a road grade in 1975 caused excess impoundment of water and the flooding of their homes.

A court trial was held, and the trial court found the County was not negligent in repairing the road and a drain culvert under the road. The trial court also found the County raised the road grade 3.6 inches, but that this did not cause the flooding of appellants' homes. The trial court found the damage to appellants' homes was caused by appellants' building of their homes in a low-lying natural watershed and the extremely heavy 1978 storm.

Appellants then moved for a new trial claiming the trial court's finding that the County did not cause the flooding of their homes by raising the road grade was erroneous. Appellants reiterated their position that before the road grade was raised, flood waters would flow over the road and not be impounded on their property. The trial court denied appellants' motion for a

new trial on September 7, 1984, and appellants appealed.

Appellants ordered only a partial transcript for this appeal. Respondents moved the trial court to require appellants to furnish a complete transcript of the trial court proceedings. The trial court denied respondent's motion. Respondent did not file a brief in this appeal, and we proceed according to Minn.R.Civ.App.P. 142.03.

## ISSUE

Was the trial court's finding that the raising of the road grade did not cause the flooding of appellants' homes clearly erroneous?

## ANALYSIS

A trial court's finding of fact must be upheld unless "clearly erroneous." Minn. R.Civ.P. 52.01. "It is settled that on appeal, the court views the evidence in the light most favorable to the prevailing party." *Lesmeister v. Dilly*, 330 N.W.2d 95, 100 (Minn.1983). Appellants have chosen to provide an incomplete record while contesting a question related to sufficiency of the evidence.

> The burden on appeal is therefore heavy upon appellant to show that, based on the record he has provided, the trial court was clearly erroneous in its factual findings * * *.

*Leininger v. Anderson*, 255 N.W.2d 22, 26 (Minn.1977).

Under this standard of review, deference must be given to the trial court's finding. As appellants admit, "The trial court's finding is supported by the testimony of the County Road Engineer, Mr. Goar." An engineering report prepared for the County concluded:

> Water backup from the culvert may have entered the Larson home from the storm of August 22 and 23, 1978. However, it should be noted that this precipitation, 5.79 inches, is the greatest single event precipitation on record for the Duluth area * * *. During all other storms since the construction of

the Larson residence, the culvert would not have caused floodwaters to have entered the Larson residence.

c. Water damage to the Larson and McManus residences during precipitation events other than the August 22 and 23, 1978 storm event is not connected with the highway culvert but is rather a result of the grading around the residences, house construction, and water removal systems.

## DECISION

The trial court's finding that the change in the road grade did not cause the flooding of appellants' homes is not clearly erroneous.

Affirmed.